————o————

No. 4629.

(Court of Appeal, Parish of Orleans.)

THE KENNER CYCLE AND MOTOR WORKS VS. J. B. FASTERLING.

Questions of fact only are involved herein.

Appeal from the Twenty-ninth Judicial District Court, Parish of Plaquemines.

H. Kenner, for Plaintiff and Appellant.

John Dymond, Jr., for Defendant and Appellee.

ESTOPINAL, J. The plaintiff's petition alleges the sale

to defendant of a gasoline engine for a stipulated price, but after having the said engine in his possession and in constant use for several months, the defendant sent it back to plaintiff with the statement that he would not keep or pay for said engine, and that he would consider the contract of sale cancelled.

Plaintiff then alleges that upon examination it was found that the engine was broken, badly damaged, and that the costs of the repairs to the engine, which were necessitated by the inexpert and negligent handling of same by defendant and his employees, amounted to one hundred and sixty-four dollars and eighty cents ($164.80).

Plaintiff makes claim for parts of engine not returned, amounting to sixteen dollars and fifty cents ($16.50), or a total of one hundred and eighty-one dollars and thirty cents ($181.30).

Plaintiff alleges specifically that the engine was sold and delivered to the defendant for cash.

Defendant's pleadings and the evidence show that the true character of the contract with plaintiff was, that the defendant should pay for the engine, if, after 30 days' trial the same gave satisfaction.

Defendant avers that the engine was defective in construction, did not give satisfaction, and was not in accordance with the guarantee of plaintiff, that the engine was installed by defendant in his boat, and it there developed that the crank shaft of said engine was defective, and defendant was unable to turn the moving parts of said engine by reason of said defect; that plaintiff was notified of this defect and furnished a new crank shaft, but that even then the engine would not work satisfactorily, and the defendant, availing himself of his option, rejected the engine and returned it to plaintiff. Defendant avers that he expended fifty dollars ($50) in his attempts to make the engine work, and in a reconventional demand in this suit seeks to recover said amount.

It developed on the trial that certain parts of the engine sued for by plaintiff had all been returned by the defendant, except a certain set of tools valued at one dollar ($1).

The judgment below was in favor of plaintiff for one dollar ($1) and the reconventional demand of defendant was rejected. From this judgment plaintiff has appealed.

Questions of fact are involved, and, from our appreciation

of the testimony, the record establishes the following conditions:

Plaintiff firm sold the defendant a gasoline marine motor (12 H. P.), the agreement being (by correspondence) that the latter should have thirty days' trial of the engine, with the option of rejecting the same if it did not prove satisfactory within that time. The engine was delivered on the 29th of June, 1906, and soon thereafter was installed in defendant's boat. A few days later a serious trouble developed, defendant and his employees being unable to get the engine to work. Plaintiff, at the request of defendant, made a personal examination of the engine, and discovered that the crank-shaft had become unwelded inside of the engine.

Neither at the time of the trouble nor on the trial of the case does plaintiff charge this mishap to the engine to its misuse by or negligence of the defendant.

Plaintiff repaired the break in the engine at no cost to defendant, and it is definitely shown that they admitted the break to be due to defective construction.

The record does not show that plaintiff made any demand for the price of the engine at the expiration of the thirty days given to try the machine.

The defendant and his employees testify that the injury to the engine was the natural result of the use of same ;to which they were entitled. The burden was on plaintiff to show abuse of the engine.

We do not think the evidence elicited for plaintiff establishes such abuse. We find in the record considerable correspondence between the parties, showing that defendant complained at different times of the unsatisfactory manner in which the engine behaved, the plaintiff writing and advising defendant what to do and what to expect from a new engine, saying it must "limber up."

Plaintiff complains in his petition that one of the causes of the wrecked condition of the engine was, that the defendant attempted to run it even though the pump used to keep the cylinders cool, did not work, the effect being to burn up and otherwise injure the engine.

The record shows that the "pump" trouble was one of the earliest ones, and plaintiff, writing defendant, advises him to run the engine even though the pump does not work, "as it can-

not get too hot to hurt anything," and that with proper lubrication all parts of the engine will finally work well.

The member of plaintiff's firm who supervised the construction of the engine and who subsequently repaired the crankshaft, states in his testimony that the worn condition of the propeller shaft was caused by the shaft not being in line with the engine.

To the expert eye of this witness, it occurs to us that this defect in the installation of the engine should have been apparent to him at the time he made the repairs to the crank-shaft. He did not at that time so advise the defendant.

The broken, worn-out parts of the engine as enumerated by plaintiff, are such as lead unavoidably to the conclusion that the defendant and his employees, in order to bring about such a wrecked condition of the machine, must have used crowbars and hammers. It is hardly credible that a good working engine, even when abused in an ordinary way, could, in the short space of two months be reduced to a wrecked mass entailing an expense of more than one-third of its original cost to put in repairs.

We note the argument on brief by plaintiff "that the injury to the engine not being internal, but entirely exteriorly, and therefore visible, defendant cannot be heard to say that he should have been informed of the nature and extent of the injuries, and should have been given an opportunity to examine the damage or employed some expert to do so.

Ordinarily this would be true, but when, as in this case, the defense is that the injury was due to some inherent defect of the thing which was guaranteed, and which was sold on condition that it would give satisfaction during a thirty-day trial, and it happened that the thing did not give satisfaction and was returned to the seller in an injured condition brought about by legitimate use, the prospective buyer owes nothing; but if the seller or owner contemplates claiming the cost of repairs, then the prospective buyer is entitled to notice of such repair in order that he may take any steps he deems proper, otherwise he is put at a disadvantag not contemplated in law and equity.

Plaintiff shows that after the engine had been thoroughly overhauled, at a cost of about $160 it was sold to a person who was their agent at Buras, La., the home of defendant, and this last purchaser testifies that he was anxious to get the engine, and

that since owning it he has used it constantly on the river and in the canals and bayous, averaging fifty miles a day.

This in our opinion only serves to show that the makers of the engine, plaintiff herein, made a good engine out of an imperfect one, but we do not think it fair, legal or equitable, to make defendant pay either in whole or in part for the renovation or rebuilding of the engine when he had no opportunity to participate in the work.

The judgment appealed from appears to do justice as between the parties, and should be affirmed.